UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBURCIO S. GOMEZ, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>PETER B. BRADFORD, an individual; JANET M. BRADFORD, an individual; MAYFLOWER FARMS, INCORPORATED, a California corporation; and DOES 1–50, inclusive,<br><br>Defendants. | No. 2:20-cv-00506-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Tiburcio Gomez, Jr.'s ("Plaintiff") Motion to Remand.  (ECF No. 4.)  Defendants Peter Bradford ("Bradford"), Janet Bradford, and Mayflower Farms, Inc. ("Mayflower") (collectively, "Defendants") filed an opposition (ECF No. 7), and Plaintiff filed a reply (ECF No. 9).  For the reasons set forth below, the Court GRANTS Plaintiff's motion.  (ECF No. 4.)

///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mayflower employed Plaintiff in 1964 to assist in its agricultural operations. (ECF No. 1-1 at 5.) Plaintiff's responsibilities grew over the next decade, and he was ultimately promoted to a management position. (*Id.*) Bradford, acting as President of Mayflower, requested Plaintiff to commit to long-term employment with Mayflower in 1976. (*Id.*) In return, Bradford allegedly promised he and Mayflower would establish a retirement account for Plaintiff and make yearly contributions as part of Plaintiff's pay and benefits. (*Id.*) Plaintiff, relying on Bradford's verbal promise, agreed. (*Id.*) The same year, Bradford opened an annuity through Aetna Variable Annuity Life Insurance Company (the "Annuity") for Plaintiff's benefit, as allegedly agreed upon. (*Id.*) Bradford contributed $1,976.91 to the Annuity, which was to be the approximate amount of each yearly contribution. (*Id.* at 6.) The Annuity was due and payable upon retirement in 2008 or when Plaintiff turned 65. (*Id.*) Plaintiff was scheduled to retire in 2008 but continued working for Defendants until 2016 when Bradford terminated him for being a "liability" after suffering a workplace injury. (*Id.* at 6–7.) Plaintiff requested his retirement benefits under the Annuity upon termination, but Defendants denied his request. (*Id.* at 7–8.) Ultimately, Plaintiff discovered that Defendants failed to fund the Annuity. (*Id.* at 8.)

As a result, Plaintiff filed this action on February 6, 2019, in Colusa County Superior Court alleging claims for promissory fraud and breach of contract. (ECF No. 1-1.) Plaintiff attached the Annuity to his Complaint as "Exhibit A." (*Id.* at 13–35.) Defendants removed the action to this Court on March 5, 2020. (ECF No. 1.) Plaintiff filed a motion to remand on April 3, 2020. (ECF No. 4.) Defendants filed an opposition on April 30, 2020 (ECF No. 7), and Plaintiff filed a reply on May 7, 2020 (ECF No. 9).

## II. STANDARD OF LAW

Any civil action which "the district courts of the United States have original jurisdiction" may be removed from state court to federal court. 28 U.S.C. § 1441(a). Removal is authorized "only where original federal jurisdiction exists." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). District courts have original federal jurisdiction over suits with diversity of citizenship or with claims that arise under federal law. *Id.* at 392–93; *see also Merrell Dow Pharm. Inc. v.*

1  *Thompson*, 478 U.S. 804, 808–09 (1986).

2  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 102, 112–13 (1936)). Removal cannot be based on a defense or counterclaim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009). "The . . . plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.

An exception to the "well-pleaded complaint rule" is complete preemption, or "when a federal statute wholly displaces the state-law cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). "When the federal statute completely [preempts] the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* The Ninth Circuit has termed this exception the "artful pleading" doctrine. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007).

A plaintiff may move to remand, challenging the defendant's removal of an action to federal court. 28 U.S.C. § 1447. Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005).

### III. ANALYSIS

Defendants removed the instant action based on federal question jurisdiction, arguing the Employee Retirement Income Security Act ("ERISA") preempts Plaintiff's state law claims. (*See* ECF No. 1.) "ERISA regulates employee benefit plans in order to promote the interests of employees and their beneficiaries." *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007 (9th

1    Cir. 1998). ERISA is an exception to the well-pleaded complaint rule, as it is a federal statute
2    that "wholly displaces the state-law cause of action through complete [preemption]." *Aetna*
3    *Health v. Davila*, 542 U.S. 200, 207 (2004). ERISA is comprised of "a comprehensive civil
4    enforcement scheme that 'would be completely undermined if ERISA-plan participants and
5    beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.'" *Id.*
6    (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)). "[A] state law cause of action is
7    preempted by ERISA if it 'relates to' an employee benefit plan." *Bast*, 150 F.3d at 1007 (internal
8    citation omitted). More specifically, "a court must evaluate whether the state law 'has a
9    connection with or reference to' employee benefit plans." *Id.* (internal citation omitted). The
10   Ninth Circuit has held ERISA preempts state law tort and contract claims, state law insurance
11   statute violation claims, and state law wrongful death claims (based on an insurance company's
12   negligent administration). *Id.* at 1007–08.
13        Plaintiff moves to remand the instant action to state court, arguing (1) this Court does not
14   have subject matter jurisdiction because Plaintiff's claims do not fall within the scope of ERISA
15   and (2) Defendants' removal to this Court is untimely because the employee benefit plan
16   implicating ERISA could be determined from the face of the Complaint. (*See* ECF Nos. 4-1, 9.)
17   As the Court finds that Plaintiff's timeliness argument has merit, it declines to address Plaintiff's
18   first argument.
19        A defendant may remove an action filed in state court within two periods: (1) within 30
20   days after receipt by the defendant of the initial pleading; or (2) within 30 days after receipt of "a
21   copy of an amended pleading, motion, order or other paper from which it may first be ascertained
22   that the case is one which is or has become removable." 28 U.S.C § 1446(b). "[N]otice of
23   removability under § 1446(b) is determined through examination of the four corners of the
24   applicable pleadings, not through subjective knowledge or a duty to make a further inquiry."
25   *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "[T]he first thirty-day
26   requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for
27   removal" or "the facts necessary for federal court jurisdiction." *Id.* at 690, 694 (citing *Chapman*
28   *v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Lovern v. Gen. Motors Corp.*, 121 F.3d

160, 162 (4th Cir. 1997)).  However, an initial pleading "that is 'indeterminate' on its face will not trigger the 30-day window for removal." *Veillette v. Renown Health*, No. 3:14-cv-00327-RCJ-VPC, 2014 WL 5286517, at *4 (D. Nev. Oct. 15, 2014).  "If it becomes ascertainable that an action is removable from a subsequent 'amended pleading motion, order or other paper,' the 30-day window to remove begins upon the defendant's receipt of such 'paper.'" *Id.* (quoting 28 U.S.C. § 1446(b)).  The rule requires "a defendant to apply a reasonable amount of intelligence in ascertaining removability," but not to "make extrapolations or engage in guesswork." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

Defendants argue in opposition that grounds for removal became apparent only after their own investigation because the Complaint and subsequent documents were indeterminate as to federal question jurisdiction.[1]  (ECF No. 7 at 14, 18–19; *see also* ECF No. 1 at 2.)  Defendants note that "[c]omplete preemption under ERISA is not so obvious that [D]efendants were 'put on notice' of it by [P]laintiff attaching retirement annuity documents to his [C]omplaint."  (ECF No. 7 at 18.)  Defendants therefore assert that neither of the 30-day removal periods were triggered under § 1446(b) because "an express allegation of federal question jurisdiction" was not raised on the face of the Complaint or in a subsequent document.  (*Id.*)  Thus, Defendants contend removal was timely under *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir.

---

[1]  In support of this assertion, Defendants cite to *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).  However, *Miller* is factually distinct with respect to the instant case, as it deals with questions of a plaintiff's citizenship at the time of removal for the purposes of diversity jurisdiction.  763 F.2d at 373.

In Defendants' argument about Plaintiff's Complaint and other documents being "indeterminate" regarding federal jurisdiction, Defendants also note their counsel "was not aware of the possible implications of federal preemption under ERISA until he was interviewing potential expert witnesses for the case."  (ECF No. 7 at 18.)  Indeed, the declaration submitted by their counsel, Steven C. Sabbadini, notes that as he was interviewing potential experts in January 2020, he "was informed about the possibility that ERISA may have some bearing on the issues in the case."  (ECF No. 7-1 at 3.)  Mr. Sabbadini contends that only after his co-counsel's review and "investigation of ERISA statutory provisions and relevant case law" — which occurred sometime after the mediation in February 2020 — did Defendants remove the action.  (*Id.*)

2013), despite the deadlines prescribed in § 1446(b).[2]  (*Id.* at 17–19.)

Plaintiff asserts in reply that "[t]he statutory thirty-day time period for removal of this action started to run when Defendants received the Complaint, as the face of the [C]omplaint revealed the facts necessary to ascertain whether there was federal court jurisdiction."  (ECF No. 9 at 9.)  Plaintiff notes that Defendants' opposition quotes the terms and details of the Aetna retirement plan attached to the Complaint.  (*Id.* at 9 n.8.)

Plaintiff is correct that his Complaint includes allegations that explicitly detail the retirement annuity promised by Defendants.  (ECF No. 4-1 at 17.)  Specifically, the Complaint alleges:

- "Defendants would fund a retirement account for [Plaintiff] and make yearly contributions to that account into the future as part of Plaintiff's pay and benefits, and would do so for as long as Plaintiff remained employed by Defendants" (ECF No. 1-1 at ¶ 10);

- "Defendants promised to (and initially did) open and fund an annuity issued by Aetna Variable Annuity Life Insurance Company to be due and payable upon retirement age of 65 or the year 2008.  Defendants funded the annuity with an initial contribution of $1,976.91, which was to be the approximate amount of each annual contribution, depending on Plaintiff's wages and inflation" (*id.* at ¶ 11);

- "On or about July 30, 1976, Plaintiff filled out and signed an application to Aetna Variable Annuity Life Insurance Company with an effective date of January 1, 1976" (*id.* at ¶ 12); and

- "Plaintiff . . . was listed as the annuitant of the annuity bearing a date of issuance of January 1, 1976, contract no. 178472 with the owner of the annuity listed as the Trustees of Peter B. Bradford Self Employed Retirement Plan and Trust" (*id.* at ¶

---

[2]  The Ninth Circuit held in *Roth* that removal beyond the two time periods prescribed under § 1446(b) is permissible *if* the defendant did not run afoul of either time period and conducted an investigation giving rise to the grounds for removal.  720 F.3d at 1123, 1125.  Here, the Court finds removal untimely because Defendants ran afoul of the time periods in § 1446(b) — the Complaint was not indeterminate.  Defendants are thus precluded from relying on *Roth*.

13).

Defendants cannot argue based on the foregoing allegations that Plaintiff's Complaint fails to give Defendants notice of removability. Plaintiff specified the details of the retirement plan at issue. *Cf. Kernan v. Health Care Servs. Corp.*, No. 2:18-CV-02491-ODW (SKx), 2018 WL 3046961, at *2–4 (C.D. Cal. Jun. 19, 2018) (finding a single paragraph detailing how plaintiff obtained his plan was insufficient to put defendant "on notice that [plaintiff] was suing to enforce rights arising from an employee benefit plan, thus triggering the completely pre-emptive effect of ERISA."). Plaintiff's claims are premised on the withholding of the promised benefits and the allegations with respect to these benefits covered by ERISA have been present since Plaintiff filed his Complaint more than two years ago. *See Hoeft v. Time Warner Cable, Inc.*, No. LA CV18-00293 JAK (MRWx), 2018 WL 2078814, at *4 (C.D. Cal. May 2, 2018) (concluding defendants failed to show a subsequent deposition "raised matters that could not have been determined from a reasonable assessment of [plaintiff's] allegations" and noting "the allegations relating to benefits covered by ERISA were present for almost two years prior to removal, and it did not require 'extrapolations or guesswork,' to have linked them to the benefits available under ERISA plans." (quoting *Kuxhausen*, 707 F.3d at 1140).). Defendants have also failed to persuade the Court that their grounds for removal — "the investigation of ERISA statutory provisions and relevant case law" (ECF No. 7-1 at 3) — are based on anything more than a reiteration of Plaintiff's allegations in his Complaint. *See Veillette v. Renown Health*, No. 3:14-cv-00327-RCJ-VPC, 2014 WL 5286517, at *4 (D. Nev. Oct. 15, 2014) (finding grounds for removal were "arguably no more than a reiteration of [p]laintiff's allegations in the [c]omplaint . . . the basis for [defendant's] removal was ascertainable on the face of [p]laintiff's [c]omplaint, thus making [defendant's] removal untimely.").

For these reasons, the Court agrees with Plaintiff that the Complaint clearly implicated an employee benefit plan as defined by ERISA. Because the Court finds the basis for federal question jurisdiction was clearly ascertainable on the face of the Complaint, Defendants' purported failure to perceive the applicability of ERISA within the permissible time period is irrelevant.

As such, the Court finds Defendants' receipt of the Complaint triggered the 30-day deadline under § 1446(b).  Defendants failed to comply with § 1446(b) because they filed their Notice of Removal (ECF No. 1) more than 30 days after they received the Complaint.  Hence, Defendants' removal of this action is untimely.  Based on the foregoing, as well as the "strong presumption" against removal, *Gaus*, 980 U.S. at 566, the Court GRANTS Plaintiff's Motion to Remand.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand (ECF No. 4) is hereby GRANTED.  This case is remanded to Colusa County Superior Court and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED:  August 23, 2021

Troy L. Nunley
United States District Judge